# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RALPH T. HRITZ,** | : |
| Plaintiff, | : Case No. 2:08-cv-1192 |
| v. | : Judge Marbley |
| **BECTON, DICKINSON AND COMPANY,** | : Magistrate Judge Abel |
| Defendant. | : |

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

**WHEREAS,** the Parties anticipate that discovery in this action may result in the disclosure of sensitive personal and/or confidential, employment, commercial, financial, and/or proprietary business information of the Parties; and,

**WHEREAS**, the Parties are interested in permitting discovery to proceed without delay occasioned by possible disputes regarding the confidential nature of said sensitive personal and/or confidential employment, commercial, financial, and/or proprietary business information of the Parties during this action.

**NOW, THEREFORE,** it is ordered pursuant to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure, that:

1. (a) This Confidentiality and Protective Order ("Order") governs the handling of all documents, testimony, and other information, including all copies, excerpts, and summaries thereof (collectively, "material") produced, given, and/or filed during discovery and other proceedings in this action.

(b) The provisions of this Order shall apply to (i) the Parties in these actions and (ii) any other person producing or disclosing material in these actions who agrees to be bound by the terms of this Order. As used herein, "person" includes the named Parties in these actions and others who have agreed to be bound by this Order.

2. Any Party may designate as "Confidential" any material that it produces in the course of discovery proceedings herein when such Party in good faith believes such material contains sensitive personal and/or confidential employment, commercial, financial, and/or proprietary business information. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on the first page of any such document prior to production.

(b) In the case of interrogatory answers, designation shall be made by placing the legend "Confidential" on each page of any answer that contains Confidential Material.

(c) All portions of deposition transcripts that discuss material already designated as confidential will automatically also be designated confidential without further action by either Party. Any Party may, no later than seventy-two (72) hours after receipt of a deposition transcript, designate all or any portion thereof as confidential under the terms of this Order by providing notice in writing to the other parties. Alternatively, a party may designate deposition testimony as confidential by making that designation on the record at the deposition. All copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

(d) All briefs, memoranda, pleadings, or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

3. Confidential material shall be subject to the following restrictions:

(a) Confidential material shall be used only for the purpose of this action (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except those to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph, as set forth in paragraph 3(b) below.

(b) Confidential material may be disclosed, for the purposes set forth above, only to:

(i) the Parties to these actions and/or current or former employees of the Parties who need access to Confidential material for the purpose articulated in paragraph 3(a), above; provided, however, that each party require those individuals to whom documents are shown to sign an agreement to keep the information confidential;

(ii) counsel of record for the Parties and employees of counsel;

(iii) the Court (including court reporters, stenographic reporters, and court personnel);

(iv) experts retained by the Parties or counsel; and

(v) any other person as to whom the producing Party agrees in writing.

(c) All pleadings or other court filings that incorporate or disclose Confidential Material shall be labeled "Documents Subject to Protective Order" and filed under

seal in accordance with the Court's rules and/or any order(s) issued by the Court and shall remain under seal until the Court orders otherwise.

(d) Any disclosure of Confidential Material at trial or in any other court proceeding herein shall be made in camera unless the Court orders otherwise.

(e) Notwithstanding any of the foregoing provisions, this Order has no effect upon, and its scope shall not extend to, any Party's use of its own confidential material.

4. No Party shall be obligated to challenge the propriety of the designation of any documents as Confidential Material, and a failure to challenge shall not preclude any subsequent objection to such designation or any motion to seek permission to disclose such Confidential Material to persons not referred to in this Order.

5. Any Party may at any time move for (i) modification of this Order or (ii) relief from the provisions of this Order with respect to specific material, including the use of Confidential Material as exhibits at depositions of non-parties to this action or at depositions of persons who are not employees or agents of parties to this action. The material in issue shall continue to be treated as designated until the Court orders otherwise. In addition, the Parties may agree in writing or on the record to necessary modifications of this Order. No Party concedes that any material designated by any other person as Confidential Material does in fact constitute Confidential Material or has been properly designated as Confidential Material.

6. If counsel for a Party receiving Confidential Material desires to disclose it to any person other than those referred to in paragraph 3, such counsel must give written notice to counsel for the designating Party. Such written notice shall specify the document or information counsel wishes to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made. In that event, the Parties shall attempt to resolve the request in

good faith on an expedited and informal basis. If the request cannot be expeditiously and informally resolved, the requesting Party may move for an order of this Court permitting the disclosure of such material to such person. The Confidential Material shall not be disclosed unless and until the Court orders that it is non-confidential or orders that its disclosure to such person is permissible.

7. Inadvertent production of any document and/or information without a designation of "Confidential" will not be deemed to waive a Party's claim to its confidential nature or stop any Party from subsequently designating said document or information as "Confidential." Disclosure by the other Party prior to such later designation shall not be deemed a violation of the provisions of this Order. The Parties do not waive the attorney-client privilege by producing any document in this litigation, including documents containing client-identifying information.

8. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, all Confidential Material shall be returned within 90 days to the Party who produced it through her or its counsel, except that counsel for the Parties need not destroy or return any Confidential Material that became a part of the court record in this action (by use as trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise) and except for any work product for the Party that is returning the Confidential Material.

9. Nothing herein shall be construed to preclude a Party who has received Confidential Material pursuant to this Order from producing such Confidential Material in response to a valid subpoena issued by a court or agency or competent jurisdiction in connection with any other action, upon the giving of a ten (10) day written notice to the Party who has

designated the materials as Confidential, or upon court order.

IT IS SO ORDERED.

s/Mark R. Abel<br>United States Magistrate Judge

STIPULATED BY:

*/s/ William J. O'Malley per tele. auth. 7/1/09*
William J. O'Malley (0056091)
4591 Indianola Avenue
Columbus, Ohio 43214
Telephone: 614.262.8360
Facsimile:  614.262.5732
Email: omalleywj@aol.com
*Attorney for Plaintiff*


*/s/ Daniel W. Srsic*
Daniel W. Srsic, Trial Attorney (0064177)
Becky L. Ramseyer Melchiorre (0076575)
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, Ohio 43215
Telephone:  614.463.4201
Facsimile:  614.221.3301
Email:  dsrsic@littler.com
         bmelchiorre@littler.com
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RALPH T. HRITZ,** : | |
| : | |
| Plaintiff, : | Case No. 2:08-cv-1192 |
| : | |
| v. : | Judge Marbley |
| : | |
| **BECTON, DICKINSON AND COMPANY,** : | Magistrate Judge Abel |
| : | |
| Defendant. : | |
| : | |

## CONSENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

I have been given a copy of the Stipulation of Confidentiality and Protective Order entered into in the case of <u>Ralph T. Hritz v. Becton, Dickinson and Company</u>, Southern District of Ohio, Eastern Division, Case No. 2:08-cv-1192, have read it and agree to be bound by its terms when I receive material designated as "Confidential" pursuant to the terms of that Agreement.

I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for purposes of this action, and Confidential Material which I receive in this action. I understand that any unauthorized use or disclosure of the Confidential Material I receive constitutes a violation of this Protective Order which may be redressed by an appropriate remedy, including, but not limited to contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  _____
Date                     Signature